IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEE HOSKINS, #R54570,<br><br>     Plaintiff,<br><br>v.<br><br>CHARLES SWISHER,<br>MR. MUMBOWER,<br>MR. LOVE,<br>MR. GROVE,<br>MR. HECK,<br>DANIEL J. HARRISS,<br>MR. MERACLE,<br>MR. DUDEK,<br>MR. VANDEKEROVE,<br>G. HALE,<br>MR. PETITJEAN,<br>A. WILLIAMS,<br>MR. ADAMS,<br>MR. BROCKE,<br>C. WALL,<br>MR. KULICH,<br>MR. WANACK, and<br>MR. LIVELY,<br><br>     Defendants. | Case No. 20-cv-00533-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Joshua Lee Hoskins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Hoskins alleges Defendants kept him in unconstitutional conditions and retaliated against him for filing grievances and lawsuits. Hoskins seeks monetary

damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Hoskins makes the following allegations: From June 5, 2019, until September 25, 2019, and January 6, 2020, until February 6, 2020, he was housed in R5 house. (Doc. 1, p. 47). During these time periods, Defendants did not give him cleaning supplies to clean his cells, and the cells had spiders, ants, and other insects crawling all over and biting him. The cells also had dusty ventilation, mold, and Defendants were keeping the lights on daily.

On June 5, 2019, his cell was set on fire, but Defendants Dudek, Harriss, Hale, Swisher, Wall, and Mumbower kept him in the cell for a week, despite the fumes and soot. Swisher told Dudek, Harriss, Hale, Wall, and Mumbower not assist Hoskins in cleaning out his cell because of the lawsuit Hoskins had filed while he was at Menard Correctional Center.

On August 31, 2019, the inmate in the cell next to Hoskins set the neighboring cell on fire. Hoskins states the Dudek, Meracle, and Kulich knew that the inmate felt suicidal but failed to prevent the fire. Black soot and smoke filled up Hoskins's cell causing

itching, coughing, scratching, skin irritation, headaches, and body shakes.

Although Hoskins was writing grievances regarding his conditions and treatment, Williams, a mental health professional, told him they were not being processed. Williams was also not writing incident reports on the security staff members regarding the receipt of his psychotropic medication.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

> **Count 1:** Eighth Amendment claim against Swisher, Brocke, Harriss, Hale, Wall, Mumbower, Meracle, Petitjean, Kulich, Love, Dudek, Williams, Wanack, Grove, Vandekerove, Adams, Lively, and Heck for keeping Hoskins in unconstitutional conditions of confinement from June 5, 2019, until September 25, 2019, and January 6, 2020, until February 6, 2020, in R5 house.
>
> **Count 2:** First Amendment claim against Swisher, Brocke, Harriss, Hale, Wall, Mumbower, Meracle, Petitjean, Kulich, Love, Dudek, Williams, Wanack, Grove, Vandekerove, Adams, Lively, and Heck for keeping Hoskins in unconstitutional conditions of confinement in R5 house in retaliation for filing lawsuits and grievances.
>
> **Count 3:** Fourteenth Amendment due process claim against Williams for directing counselors not to process Hoskins's grievances and not writing incidents reports regarding the conduct of other security staff.
>
> **Count 4:** Eighth Amendment claim against Dudek, Meracle, and Kulich for failing to protect Hoskins from the fire set in the neighboring cell on August 31, 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard.[1]**

### Count 1

At this stage, Hoskins states a viable claim for unconstitutional conditions of confinement against Defendants in Count 1. *See Gray v Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

### Count 2

Hoskins claims that (1) all Defendants stated that they were keeping him in the unsanitary cells in retaliation for filing grievances against them and a lawsuit against Swisher; (2) Dudek, Harriss, Hale, Wall, and Mumbower stated that Swisher had told them not to let Hoskins clean out his cell following the fire on June 5, 2019, because of the lawsuit filed while Hoskins was at Menard Correctional Center; (3) Dudek, Meracle, Kulich, Grove, Love, Wall, Hale, Vandekerove, Petitjean, Williams, Harriss, Swisher, Mumbower, Adams, Lively, and Brocke stated they were not allowing Hoskins to clean his cell or placing him in better living conditions following the fire of another inmate's cell on August 31, 2019, due to Hoskins filing grievances against them; and (4) Williams told Hoskins that he was not assisting Hoskins to have better living conditions because Swisher told him that Hoskins was suing and filing grievances. These all state a viable claim for retaliation against Defendants, and Count 2 survives preliminary review. *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

551 (7th Cir. 2009).

**Count 3**

Hoskins claims that Williams intentionally directed counselors not to process his grievances and did not write incident reports on the conduct of security staff. Hoskins, however, does not have a protected interest in prison grievance procedures. *Owens v. Hinsley,* 635 F. 3d 950, 953-54 (7th Cir. 2011). Additionally, Williams cannot be held personally liable for the conduct of his coworkers. *See Backes v. Vill. of Peoria Heights, Ill.,* 662 F. 3d 866, 869 (7th Cir. 2011). Therefore, Count 3 will be dismissed.

The Court further notes that to the extent Hoskins is arguing Williams should be liable because he was not properly receiving his psychotropic medication, such claim is also dismissed without prejudice as duplicative of claims brought in two other suits. *See Hoskins v. Swisher,* No. 20-cv-395-NJR, 2020 WL 2573544 at *2 (S.D. Ill. May 21, 2020); *Hoskins v. Johnson,* No. 19-cv-1303-SMY (S.D. Ill., Mar. 23, 2020) (merit review order allowing Hoskins to proceed on a deliberate indifference claim against defendants for denying him access to psychotropic medications). *See also Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993) (federal courts may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in . . . federal court.") (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

**Count 4**

Hoskins claims that Dudek, Meracle, and Kulich knew that the inmate in the neighboring cell was having suicidal thoughts and was going to set fire to the cell and

failed to prevent the fire and protect Hoskins from the smoke and fumes. At this stage, these allegations are sufficient for Count 4 to proceed. *See Gevas v. McLaughlin,* 798 F.3d 475, 480 (7th 2015).

### MOTION FOR URGENT PRELIMINARY INJUNCTION

Hoskins has filed a motion asking for preliminary injunction ordering Defendants to provide him with adequate living conditions and cleaning supplies. (Doc. 3). He states that he is still living in an unsanitary environment, which is impacting his health and could place him at further risk due to the COVID-19 pandemic. To the extent he seeks an "urgent" order to be placed in sanitary conditions, he has not shown that he will suffer any immediate injury such that he cannot wait for a response from Defendants. As to his request for constitutionally adequate cell conditions, the Court **DIRECTS** Defendants to respond to the motion by **June 29, 2020**. The Court **ADDS** Jeff Dennison, in his official capacity only, for the purpose of implementing any injunctive relief awarded. All other official capacity claims against Defendants are **DISMISSED** without prejudice.[2]

### DISPOSITION

For the reasons stated above, **Count 1** shall proceed against **Swisher, Brocke, Harriss, Hale, Wall, Mumbower, Meracle, Petitjean, Kulich, Love, Dudek, Williams, Wanack, Grove, Vandekerove, Adams, Lively,** and **Heck, Count 2** shall proceed against **Swisher, Brocke, Harriss, Hale, Wall, Mumbower, Meracle, Petitjean, Kulich, Love,**

---

[2] Hoskins brings his claims against Defendants in their official and individual capacities but is only seeking damages. State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

**Dudek, Williams, Wanack, Grove, Vandekerove, Adams, Lively,** and **Heck,** and **Count 4** shall proceed against **Dudek, Meracle,** and **Kulich. Count 3** is **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to **ADD Warden Jeff Dennison** as a defendant, in his official capacity only, for the purpose of implementing any injunctive relief awarded.

The Motion for Urgent Preliminary Injunction (Doc. 3) shall remain pending, and Defendants are **DIRECTED** to respond to the motion by **June 29, 2020.**

The Clerk of Court shall prepare for Defendants **Swisher, Brocke, Harriss, Hale, Wall, Mumbower, Meracle, Petitjean, Kulich, Love, Dudek, Williams, Wanack, Grove, Vandekerove, Adams, Lively, Heck,** and **Dennison** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, the Motion for Urgent Preliminary Injunction, and this Memorandum and Order to the defendants' place of employment as identified by Hoskins. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Hoskins, the employer shall furnish the Clerk with the defendant's current work address, or, if not

known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Hoskins, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hoskins is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   June 8, 2020

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Hoskins is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Hoskins need not submit any evidence to the Court at this time, unless specifically directed to do so.**