UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:20-cv-0533-GCS |
| | ) |
| CHARLES SWISHER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On June 5, 2020, Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections, filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. (Doc. 1). In the complaint, Hoskins alleges Defendants kept him in unconstitutional conditions and retaliated against him for filing grievances and lawsuits. Hoskins seeks monetary damages and injunctive relief. The Court conducted a threshold review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 6). The June 8, 2020 Order allowed Plaintiff to proceed on the following claims: (1) Eighth Amendment claim against Swisher, Brocke, Harriss, Hale, Wall, Mumbower, Meracle, Petitjean, Kulich, Love, Dudek, Williams, Wanack, Grove, Vandekerove, Adams, Lively, and Heck for keeping Hoskins in unconstitutional conditions of confinement from June 5, 2019, until September 25, 2019, and January 6, 2020, until February 6, 2020, in R5 House; (2) First Amendment claim against Swisher, Brocke, Harriss, Hale, Wall, Mumbower, Meracle,

Petitjean, Kulich, Love, Dudek, Williams, Wanack, Grove, Vandekerove, Adams, Lively, and Heck for keeping Hoskins in unconstitutional conditions of confinement in R5 house in retaliation for filing lawsuits and grievances; and (3) Eighth Amendment claim against Dudek, Meracle, and Kulich for failing to protect Hoskins from the fire set in the neighboring cell on August 31, 2019.

The same day Plaintiff filed his complaint he filed a motion for an urgent preliminary injunction. (Doc. 3). In this one-page motion, Hoskins moves the Court to order Defendants to provide him with adequate living conditions and cleaning supplies. (Doc. 3). He states that he is still living in an unsanitary environment, which is impacting his health and could place him at further risk due to the COVID-19 pandemic. Defendants filed an opposition to the motion. (Doc. 34). Defendants contend that the Plaintiff's request for preliminary injunction should be denied because he has failed to establish a likelihood of success on the merits or the existence of irreparable harm if the injunction is not granted. Based on the reasons delineated below, the Court **DENIES** the motion as the motion for preliminary injunction is not warranted.[1]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)).  The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion that he is not entitled to the relief requested.

the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Plaintiff, in his motion, merely states that he is still living in an unsanitary environment, which is impacting his health and could place him at further risk due to the Covid-19 pandemic.[2] Based on the record, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits. In reviewing Plaintiff's medical

---

[2] The Court notes that the record reflects that Plaintiff has been moved out of R5 house and placed in R2 house (in fact he moved from R5 house to R4 house and then from R4 house to R2 house). This fact alone potentially moots the motion for preliminary injunction. However, it is not clear from the record that Plaintiff will not be transferred back to R5 house. Thus, out of an abundance of caution, the Court addresses the merits of the motion.

records, Plaintiff has not sought medical treatment for any symptoms that would be related to his physical health. Without this evidence, Plaintiff cannot establish that he has been physically harmed as a result of his living conditions, and therefore, cannot demonstrate a likelihood of success on the merits.

Further, in order to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Plaintiff has not provided any evidence that he is currently suffering from any health conditions as a result of any actions on the part of the Defendants regarding unsanitary conditions. Specifically, Plaintiff's recent medical records do not provide any evidence that he is suffering as a result of his living conditions. The medical records demonstrate that not only did Plaintiff have access to health care and was seen by medical professionals for other non-related treatment, but Plaintiff had the ability to write to the healthcare unit if he was having any issues or complaints, which he failed to do.

Accordingly, the Court **DENIES** Plaintiff's motion for urgent preliminary injunction. (Doc. 3).

**IT IS SO ORDERED.**

Dated: September 21, 2020.

Digitally signed by Judge Sison 2
Date: 2020.09.21 14:18:29 -05'00'

GILBERT C. SISON
United States Magistrate Judge