IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEE HOSKINS, #R54570,<br><br>        Plaintiff,<br><br>v.<br><br>CHAD ADAMS, JOSEPH DUDEK, JAMES GROVES, GARRICK HALE, DANIEL HARRISS, CHARLES HECK, JUSTIN KULICH, LARUE LOVE, SETH MERACLE, STEVEN MUMBOWER, SCOTT PETITJEAN, CHARLES SWISHER, TREG VANDEKERKHOVE, AND CHAD WALL,<br><br>        Defendants. | Case No. 20-cv-00533-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

On July 31, 2023, the Court granted summary judgment in Defendants' favor after concluding that they had met their burden in showing that there was no genuine issue of material fact regarding whether Hoskins' claims under the First and/or Eighth Amendments under the U.S. Constitution were violated such that judgment as a matter of law was appropriate (Doc. 164). The Court also found that Hoskiins failed to meet his burden of causally connecting a protected activity to an alleged retaliatory action (*Id.*). Additionally, the Court found that defendants were entitled to qualified immunity (*Id.*).

On August 22, 2023, Plaintiff filed a Motion to Reconsider the summary judgment in this case (Doc. 171). Defendants filed their response on September 21, 2023 (Doc. 174).

The Federal Rules of Civil Procedure do not expressly recognize motions to

reconsider and plaintiff does not indicate the rule upon which he relies. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." There is no question that Hoskins complied with the time requirements. To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601 (7th Cir. 2000).

Hoskins did not meet this standard. To the contrary, his motion merely took umbrage with the court's ruling and rehashed old arguments. He did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent.

As a different avenue for reconsideration, relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). The decision whether to grant relief under Rule 60(b) is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion. *Id.* ("The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'").

Rule 60(b) permits a court to vacate a judgment, order, or proceeding based on one of six specific grounds:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

    59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,

(6) Any other reason that justifies relief.

FED. R. CIV. P. 60(b).

For grounds one, two, and three, the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Hoskins filed this motion well-within the aforementioned time frame required for grounds one through three. Hoskins is not alleging fraud or newly discovery evidence, nor do grounds four and five appear at issue. Accordingly, this Court will focus only on ground six in addition to one.

Ground six is the "catchall provision of Rule 60" and permits a district court to reopen a judgment for any reason that justifies relief. *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). The decision whether to grant relief under Rule 60(b) is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion. *Id.* ("The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'").

Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710

F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id.* at 302.

Defendants contend that Plaintiff's Motion is merely an attempt to put the burden on the Defendants to produce evidence in support of their motions, and that is not the proper analysis (Doc. 174, p. 3). The Court agrees. Plaintiff does not provide any clear basis for the motion that correlates with Rule 59 or 60, such as mistake, newly discovered evidence, or legal error. Instead, he repeatedly claims that defendants did not meet their burden.

The Court finds that the earlier ruling on summary judgment accurately assessed the record evidence, and that the present Motion provides no valid basis to disturb that ruling. Accordingly, Plaintiff's Motion (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 5, 2023**

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**